IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY L. KOERT, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GE GROUP LIFE ASSURANCE COMPANY ET AL., | : | |
| | : | |
| Defendants | : | |
| | : | NO. 04-CIV-5745 |

**<u>MEMORANDUM</u>**

Wendy Koert filed suit against GE Group Life Assurance Company, alleging that Defendant improperly denied her claim for disability benefits, breached its fiduciary duties by failing to properly administer the policy, and failed to comply with claim procedures required by ERISA. Her original complaint also contained state law claims for breach of contract and bad faith denial of insurance benefits, which were dismissed on grounds of preemption.

Plaintiff filed this Motion for Leave to Serve Discovery Beyond the Administrative Record for the stated purpose of determining: "(1) whether Defendant was granted discretionary authority to make disability determinations under the express terms of an ERISA plan; (2) the extent of Defendant's conflicts of interest with respect to its consideration of Plaintiff's claim for disability benefits; and (3) the full extent of the procedural irregularities, bias, and unfairness in Defendant's review of Plaintiff's claim

for disability benefits that are readily apparent from the administrative record in this case." Pl.'s Br. in Supp. of Motion at 1. In response to the motion, Defendant argues that Plaintiff's claim for benefits pursuant to section 1132(a)(1)(b) is barred by the statute of limitations, that Plaintiff cannot simultaneously seek benefits under section 1132(a)(1)(b) and section 1132(a)(3), and that, in any case, discovery beyond the administrative record is unwarranted. Defendant asked the court to address the validity of Plaintiff's claims before deciding whether additional discovery should be permitted, and the court directed Plaintiff to brief the issue. I find that Plaintiff is not barred from asserting either her claim for denial of benefits or her breach of fiduciary duty claim and I will grant Plaintiff's request for discovery beyond the administrative record.

**I.     Standard for Motion to Dismiss**

Defendant's challenge to the validity of Plaintiff's claims is in the nature of a motion to dismiss. The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, the court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

**II.     Statute of Limitations for a Claim Pursuant to Section 1132(a)(1)(B)**

Defendant challenges the validity of Plaintiff's claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) on the basis that the claim is time barred.  Because ERISA does not provide a statute of limitations for non-fiduciary claims, courts must apply the most analogous state law limitations period.  See Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir. 1992).  In deciding which state law is the most analogous, the Third Circuit offered the following guidance:

> [W]hen ERISA does not provide an applicable statute of limitations and the most appropriate limitations period of Pennsylvania is borrowed, the following limitations periods apply.  First, claims for delinquent employer contributions or for payments past due that are most analogous to claims under the Wage Payment and Collection Law are governed by its three-year limitation, and measured from the date the delinquent payment was due.  Second, claims that were bargained for but have not yet become payable most closely resemble contract claims for anticipatory breach, and are governed by Pennsylvania's four-year statute of limitations measured from the time when a claimant first knows that the benefit has been infringed or removed.  Third, other ERISA claims, such as those seeking to reinstate an improperly removed non-bargained-for benefit or to avoid a prohibited transaction, have no counterpart in Pennsylvania law and are thus governed by Pennsylvania's general six-year statute of limitations.

Id. at 1181.  In this case, the disability benefits to which Plaintiff claims she is entitled were bargained for as part of her employment compensation package.  The onset of disability as defined by the Policy triggers Defendant's obligation to pay those benefits.

Plaintiff's claim alleging that Defendant failed to meet its obligation thus closely resembles a breach of contract action.  Like several other courts in this district, I therefore find that the most analogous limitations period under Pennsylvania law is the four-year statute of limitations.[1]  See Thomas v. Smithkline Beecham Corp., 297 F. Supp. 2d 773 (E.D. Pa. 2003) (Yohn, J.) (stating that statute of limitations for breach of contract was applicable in class action for denial of employment benefits under ERISA); Miller v. Aetna Healthcare, 2001 U.S. Dist. LEXIS 20801 (E.D. Pa. 2001) (Waldman, J.) (finding that statute of limitations for breach of contract action applied to claim for denial of benefits for medical services); Caruso v. Life Ins. Co. of N. Am., 2000 U.S. Dist. LEXIS 9164 (E.D. Pa. June 29, 2000) (Yohn, J.) (holding that breach of contract is most

---

[1] Defendant urges this court to adopt the three-year statute of limitations under Pennsylvania's Wage Payment and Collection Law (WPCL), Pa. Stat. Ann. tit. 43, § 260.1 et seq., citing Syed v. Hercules, Inc., 214 F.3d 155 (3d Cir. 2001), as support for this position.  In Syed, the Third Circuit applied the one-year statute of limitations under a Delaware employment statute.  The holding in Syed, however, is not dispositive as to which cause of action is most analogous in Pennsylvania.  If fact, in response to a reference by the dissent to the WPCL, the majority dropped a footnote, stating: "[W]e wish to make clear that we express no view regarding the statute of limitations that would apply if a claim such as Syed's were brought in Pennsylvania.  We note, however, that we have held that some ERISA claims are governed by the WCPL's statute of limitations and others are not."  Id. at 162 n.6 (citing Gluck, 960 F.2d at 1180-81).

The Pennsylvania and Delaware employment statutes are distinguishable.  The language of the Delaware statute provides: "No action for recovery upon a claim of wages, salary, or overtime for work, labor, or personal services performed, ...or for any other benefits arising from such work, labor or personal services performed shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based."  Syed, 214 F.3d at 159 (citing Del. Code Ann. Tit. 10 § 8111) (emphasis added).  The WPCL, by contrast, states: "No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable...."  "Wages" include "fringe benefits" and "wage supplements," which are defined as "all monetary employer payments to provide benefits under any employe benefit plan, as defined in section 3(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; as well as separation, vacation, holiday, or guaranteed pay; reimbursement for expenses; union dues withheld from the employes' pay by the employer; and any other amount to be paid pursuant to an agreement to the employe, a third party or fund for the benefit of employes."  Pa. Stat. Ann. tit. 43, § 260.2.  The Delaware statute is considerably broader than the WPCL in that the Delaware statute governs any action "arising from ...work, labor or personal services," whereas payments under the WPCL are limited to those made by the employer directly to or on behalf of the employee.

4

analogous state law claim and finding that four-year statute of limitations applied to claim for denial of benefits); Crane v. Asbestos Workers Philadelphia Pension Plan, 1998 U.S. Dist. LEXIS 4293 (E.D. Pa. Apr. 1, 1998) (O'Neill, J.) (concluding that plaintiff's claim for disability pension benefits was "effectively a contract action to enforce defendant's obligations to plaintiff under the Plan" and therefore finding that "Pennsylvania's four-year statute of limitations for contract actions is most appropriate in this case").  Plaintiff filed her complaint within the four-year limitation period, and therefore, her claim is not time barred.

**III.    Breach of Fiduciary Duty Claim Pursuant to Section 1132(a)(3)**

Relying on Varity Corp. v. Howe, 516 U.S. 489 (1996), and Ream v. Frey, 107 F.3d 147, 152-53 (3d Cir. 1997), Defendant also moves to dismiss Plaintiff's breach of fiduciary duty claim under section 1132(a)(3), arguing that Plaintiff is not entitled to simultaneously seek relief under section 1132(a)(1)(B) and section 1132(a)(3).[2]  In Varity, the Court held that a group of beneficiaries could recover under section 1132(a)(3),

---

[2] Section 1132 provides in relevant part:
>    (a) Persons empowered to bring a civil action
>    A civil action may be brought--
>    (1) by a participant or beneficiary--
>        (A) for the relief provided in subsection (c) of this section, or
>        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>    (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>    (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

29 U.S.C. 1132.

finding that no other remedial section of ERISA applied. The Court, however, noted:

> [W]e should expect that courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.'.... Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case, such relief normally would not be 'appropriate.'

516 U.S. at 515. Similarly in Ream, the Third Circuit held that the plaintiff could pursue a breach of fiduciary duty claim under 1132(a)(3), but noted that "where Congress otherwise has provided for appropriate relief for the injury suffered by the beneficiary, further equitable relief ought not be provided." 107 F.3d at 152. The Ream court did not decide, however, "whether a plaintiff who has been denied benefits can, at the pleading stage, maintain an action for benefits under § 1132(a)(1)(B) and an action for 'other appropriate relief' under § 1132(a)(3)(B)." Tannenbaum v. Unum Life Insurance Co. of Am., 2004 U.S. Dist. LEXIS 5664, at *13 (E.D. Pa. Feb. 27, 2004).

District courts within the Third Circuit are divided on this issue. See, e.g., Tannenbaum, 2004 U.S. Dist. LEXIS at *13-14 (citing cases); Nicolaysen v. BP Amoco Chemical Co., 2002 U.S. Dist. LEXIS 9325, at *7-8 (E.D. Pa. May 23, 2002) (same). In Parente v. Bell Atlantic, 2000 U.S. District LEXIS 4851, at *13 (E.D. Pa. Apr. 19, 2000), Judge Reed held that, at the pleading stage, Varity does not require dismissal of a claim pursuant to section 1132(a)(3) simply because the plaintiff is simultaneously seeking

relief under section 1132(a)(1)(B).  Rather, he explained, "under Varity, a plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff will certainly receive or actually receives adequate relief for her injuries under § 1132(a)(1)(B) or some other ERISA section."  Id. at *11.  I find Judge Reed's reasoning to be thorough and accurate, and therefore, will adopt the analysis set forth in Parente.  At this stage in the litigation, Plaintiff may simultaneously seek relief under sections 1132(a)(1)(B) and 1132 (a)(3).  However, defendant may reassert its argument on a motion summary judgment when the record is further developed through discovery.  See Nicolaysen, 2002 U.S. Dist. LEXIS at *8.

**IV.   Conclusion**

I find that Plaintiff's claim for denial of benefits is not barred by the statute of limitations and that she is entitled to proceed under both sections 1132(a)(1)(B) and 1132(a)(3) at this stage in the litigation.  I will grant Plaintiff's Motion for Leave to Serve Discovery Beyond the Administrative Record.

An appropriate order follows.