## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY L. KOERT,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 04-5745** |
| | : | |
| **GE GROUP LIFE ASSURANCE** | : | |
| **COMPANY,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **October 20, 2005**

## I.      INTRODUCTION

In this ERISA case plaintiff Wendy L. Koert ("Koert") is claiming the defendant GE Group Life Assurance Company ("GE") unfairly and arbitrarily denied her disability benefits.  In particular, Koert asserts a right to benefits claim and a breach of fiduciary duties claim.  GE asserts a statute of limitations defense which is the subject of its pending motion to dismiss.

## II.     BACKGROUND

Koert's disability benefits were terminated on February 1, 2001.  She filed her complaint on December 10, 2004, and is currently seeking discovery above and beyond GE's administrative record in order to further solidify her allegations.  GE asserts that all of Koert's claims are time-barred and that it should not be subjected to a discovery order.

On July 14, 2005, this Court issued a Memorandum and Order denying GE's motion to dismiss Koert's claims pursuant to the applicable statue of limitations.  That

Memorandum did not address one of GE's key arguments: that a shorter, contractual, statue of limitations applies.  GE has filed a motion to reconsider with a supporting memorandum of law; Koert has replied.

## III.    STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct a manifest error of law or to present evidence that is newly discovered." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Hartford Fire Ins. Co. v. Huls Am., Inc., 921 F.Supp 278, 279 (E.D. Pa. 1995).  A motion to reconsider is proper when it seeks to correct an error of law or to prevent manifest injustice.  General Instrument Corp. v. Nu-Tek Elecs., 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), aff'd., 197 F.3d 83 (3d. Cir. 1999).

## IV.    DISCUSSION

Koert has two claims with potentially different statutes of limitations.  In my Memorandum and Order of July 14, 2005, I addressed the four-year breach of contract limitation.  For the sake of clarity, this Memorandum will revisit the four-year issue, consider the three-year contractual limitations period, and then analyze ERISA's statute of limitations for a breach of fiduciary duties claim.

### A.  Denial of Benefits Claim

Beginning with Koert's denial of benefits claim, the applicable statute of limitations is Pennsylvania's four-year period for breach of contract.  See Thomas v. Smithkline Beecham Corp., 297 F. Supp. 2d 773 (E.D. Pa. 2003) (Yohn, J.) (stating that

statute of limitations for breach of contract claims was applicable in class action for denial of employment benefits under ERISA); Miller v. Aetna Healthcare, Civ. No. 01-2443, 2001 U.S. Dist. LEXIS 20801 (E.D. Pa. 2001) (Waldman, J.) (finding that statute of limitations for breach of contract action applied to claim for denial of benefits for medical services); Caruso v. Life Ins. Co. of N. Am., Civ. No. 00-2329, 2000 U.S. Dist. LEXIS 9164 (E.D. Pa. June 29, 2000) (Yohn, J.) (holding that breach of contract is most analogous state law claim and finding that four-year statute of limitations applied to claim for denial of benefits); Crane v. Asbestos Workers Philadelphia Pension Plan, Civ. No. 95-4173, 1998 U.S. Dist. LEXIS 4293 (E.D. Pa. Apr. 1, 1998) (O'Neill, J.) (concluding that plaintiff's claim for disability pension benefits was "effectively a contract action to enforce defendant's obligations to plaintiff under the Plan," and therefore finding that "Pennsylvania's four-year statute of limitations for contract actions is most appropriate in this case").  The prior memorandum and order of July 17, 2005, considered this four-year statute but did not address whether Pennsylvania law allows parties to shorten the applicable statute of limitations by agreement.

GE correctly points out a provision within the parties' benefit plan that states "[n]o action at all may be brought against us after three years from the date on which written Proof of Claim is required."  AR 22.[1]  Pennsylvania and Third Circuit decisions support GE's contention that similar contractual limits on statute of limitations have been held

---

[1]References made to "AR" relate to the Administrative Record.

valid and enforceable.  Fontana v. Diversified Group Adm'rs, Inc., 67 Fed. Appx. 722, 723-24 2003 U.S. App. Lexis 10718, at 3-5 (3d Cir. 2003) (ERISA case in which the employee's claim was barred by a three-year statute of limitations provision contained within the employee's benefit plan)[2]; Lardas v. Underwriters Ins. Co., 231 A.2d 740, 741-42 (Pa. 1967) (suit for insurance proceeds in which the insured's claim was dismissed in accordance with the insurance agreement for failing to bring suit within 12 months); Hosp. Support Servs., Ltd. v. Kemper Group, Inc., 889 F.2d 1311 (3d Cir. 1989) (suit for insurance proceeds in which the insured's claim was dismissed in accordance with the insurance agreement for failing to file a notice of loss within 12 months); Bostick v. ITT Hartford Group, Inc., 56 F. Supp. 2d 580, 585 (E.D. Pa. 1999) ("In Pennsylvania, suit against an insurer is barred if filed beyond the contractual period of limitations contained within the insurance policy.").  Further, Pennsylvania law provides that statute of limitations made by written agreement are valid so long as they are not manifestly unreasonable.  42 Pa. Cons. Stat. Ann. § 5501(a) (2005); Bostick at 586-87.

The GE benefit plan contains its own statute of limitations provision.  As pointed out by Koert, the parties' agreement provides that the time limits for giving proof of claim or filing legal action "will be changed to comply with the minimum requirements of any applicable law."  AR 22.  The crucial question as to this plan's reduced (i.e. three year) limitations period is whether the limitation is "manifestly unreasonable."  In view of

---

[2] Although not controlling as an unpublished opinion, it is worth noting how the Third Circuit has treated similar cases and in particular when it has accepted contractual limits on the statute of limitations for ERISA claims.

Pennsylvania and Third Circuit precedent, I find the three-year period provided in the

Koert/ GE plan is not "manifestly unreasonable."  See Lardas, (12 month limitation not

unreasonable); Hosp. Support Servs., (12 month limitation not unreasonable); and Bostick

(approved contractual limitations period).

   The application of this three year period depends on when and for how long

written Proofs of Claim were required.  The parties' agreement states:

>    To aid in the determination of benefits payable, you will be required to
> submit all Proofs of claim on forms satisfactory to us within 90 days after
> the Elimination Period.  If you cannot send such Proof within this time
> limit, it must be sent as soon as reasonably possible, but in no event, except
> in the absence of legal capacity, later than one year after the time such Proof
> is otherwise required.  We may require additional Proof of your claim at any
> reasonable time during the Period of Total Disability.  Any additional Proof
> of your claim must be returned to us within 30 days after we request it.

AR 22.  Koert claims that this language is ambiguous and should be construed against the

drafter.  See Debartolo v. Plan Molding Co., Civ. No. 01-C-8147, 2002 U.S. Dist. Lexis

9479 (N.D. Il. 2002)(Coar, J.) (ERISA case in which the court found the phrase "from the

expiration of the time within which proof of loss is required" was ambiguous).  Under

Debartolo, Koert argues she should be given an additional 90 days, if not an entire year,

from the Elimination Period before being required to submit a written Proof of Claim,

thereby delaying the beginning of the contractual statute of limitations period.  I find the

language of the plan is generous to the claimant, but not ambiguous.  Written Proof of

Claim is required within 90 days of the elimination period, unless the claimant cannot

send such proof within the time period.  Koert made no argument or claim that she could not send timely proof within the 90 day period.  From the date which Proof of Claim was required, Wendy Koert had three years to file suit.

Koert then argues, in her original complaint and again in her reply to the motion to reconsider, that GE's letters regarding the denial of her benefits and the treatment of her ability to appeal were legally deficient by failing to meet the requirements in 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1133, or those established in Epright v. Envtl. Res. Mgmt, Inc. Health & Welfare Plan, 81 F.3d 335 (3d Cir. 1996) (ERISA case in which the court held that when a letter terminating or denying the plan's benefits does not explain the proper steps for seeking a review of the decision, the plan's 120 day time bar for such review was not triggered).  In particular, Koert claims ERISA requires a denial of benefits letter include a specific notice of a right to seek redress in Federal Court.  No section(s) cited in ERISA supports such a claim, nor has any supportive case law been given.  The requirements set out in Epright, however, merit discussion.

In Epright, the Third Circuit established the applicable law by referring to 29 U.S.C. § 1133 and regulations set out by the Secretary of Labor:

> In accordance with regulations of the Secretary, every employee benefit plan shall-
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for said denial, written in a manner to be understood by the participant; and
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named

fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Additionally, and in accordance with Section 503, the Secretary of Labor has established that the notice of a claim denial must: provide to every claimant who has been denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect a claim and an explanation why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

Id. at 341- 42.  Further, the Epright court found that the defendant's denial letter failed to make any reference to the governing plan, explain why the plan administrator was denying benefits, or how the plaintiff could perfect his claim.  In Epright, the defendant failed to satisfy the applicable requirements of the law.

In this case, GE's January 25, 2001 letter laid out exactly why Wendy Koert's benefits were being denied and how that denial was in accordance with the plan. Furthermore, the letter gave her an additional 60 days to submit the requisite objective medical documentation.  Although Koert continued to submit the medical documentation, and now argues that the review of those documents was arbitrary, the question before me remains whether GE satisfied the Epright notice requirements.  Given that Koert was informed of GE's decision to deny her benefits by a December 14, 2000 letter, that she had an additional year to continue appealing before the benefits were denied, and that Koert was allowed to direct any questions to the defendant, I find that the applicable

standard has been met.  Wendy Koert's claim accrued, at the latest given the terms of the

plan, 90 days after the elimination period.  The elimination period, although likely starting

with the December 14, 2000 denial letter, had certainly taken place by the February, 2001

termination of benefits.   Wendy Koert had to file her claim, at the very latest, three years

and 90 days after the February 2001 cessation of her benefits.  Thus, Wendy Koert should

have filed her claim by early May of 2004.  See Henglein v. Colt Indus., 260 F.3d 201,

214 (3d Cir. 2001) (ERISA case in which the Third Circuit found the district court's

decision that the plaintiff's cause of action accrued at the time of outright repudiation of

benefits was not unreasonable).

**B.  Breach of Fiduciary Duties Claim**

Unlike a denial of benefits claim, ERISA explicitly provides a statute of

limitations period for a breach of fiduciary duties claim.  Therefore, Pennsylvania state

statute of limitations law is not appropriate.  Also, because the contract allows for

changes to meet the minimum requirements of applicable law, and because the ERISA

minimum requirements for statute of limitations is six years for some cases, ERISA is the

applicable law for this claim.   ERISA's statute of limitations provides:

> No action may be commenced under this subchapter with respect to a
> fiduciary's breach of any responsibility, duty, or obligation under this part,
> or with respect to a violation of this part, after the earlier of-
> 1) six years after (A) the date of the last action which constituted a part of
> the breach or violation, or (B) in the case of an omission, the latest date on
> which the fiduciary could have cured the breach of the violation, or
> 2) three years after the earliest date on which the plaintiff had actual
> knowledge of the breach or violation...

29 U.S.C. § 1113.  Applicable cases[3] have found "actual knowledge of a breach or violation requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts,...knowledge of a transaction's harmful consequences, . . . or even actual harm..." International Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO, 980 F.2d 889, 900 (3d Cir. 1992).  Furthermore, because the statute of limitations is an affirmative defense, the burden of proof that the statute bars those claims rests on GE. Richard B. Roush, Inc. Profit Sharing Plan v. New Eng. Mut. Life Ins. Co., 311 F.3d 581, 585 (3d Cir. 2002).  To prevail in this motion to reconsider, GE must show that Koert "actually knew not only of the events that occurred which constituted the breach or violation but also that those events supported a claim of breach of fiduciary duty or violation under ERISA." International at  900.  GE attempts to do this by repeating that Koert's benefits terminated in February of 2001, and by citing Romero v. The Allstate Corp., 404 F.3d 212 (3d Cir. 2005) (ERISA case in which the employee's benefit plan was amended and the Court found that the statute of limitations will not run against the employee until the employee either knew or should have known that the amendment brought about a clear repudiation of certain rights).

In this case, Wendy Koert had actual knowledge of the harm caused by GE's decision to terminate her benefits at the time those benefits ended.  Further, GE argues

---

[3]This issue represents a circuit split. See Wright v. Heyne, 349 F.3d 321, 327 (6th Cir. 2003) (ERISA case where the requirement that plaintiff had actual knowledge of a claim was specifically rejected).

9

that the termination of benefits was a clear repudiation of rights.  In reply, Koert cites

Montrose Med. Group Participating Sav. Plan v. Bulgar[4] for the proposition that a

plaintiff must have actual knowledge that the events which constituted a breach or

violation specifically give rise to an ERISA, rather than a separate state or federal, cause

of action.  This is an improper reading of Montrose, and furthermore the facts in this case

are distinguishable.  In this case Wendy Koert had actual knowledge of the exact facts

giving rise to her cause of action at the time her benefits were terminated, and after the

termination of her benefits she retained counsel for suit in preparation for litigation.

Although the Third Circuit interprets the actual knowledge requirement for breach of

fiduciary duties claims stringently,[5] no cases support Koert's claim that a complete

cessation of previously on-going benefits does not give the recipient actual knowledge of

a breach in fiduciary duties.  Actual notice cannot require that the plaintiff be legally

trained and have developed an expertise in ERISA law such that she would subjectively

appreciate the accrual of a breach of fiduciary duty cause of action.  It is enough that she

was aware her benefits stopped, that she had knowledge that the defendant was cutting

off her benefits, that she was told why and that she involved counsel to advise her.

ERISA's three-year statute of limitations for breach of fiduciary duties claims, starting on

the day benefits ended, is applicable and her claim is time-barred.

---

[4]243 F.3d 773, 787 (3d Cir. 2001) (ERISA and judicial estoppel case in which the plaintiffs did not realize an ERISA claim existed during their ongoing state law cause of action).

[5]Montrose at 787, citing Gluck v. Unisys Corp., 960 F.2d 1168, 1176 (3d Cir. 1992).

**V.      CONCLUSION**

Based upon the analysis above, GE's motion to reconsider is granted to correct an error of law.  Consistent with that motion, Koert's claims are dismissed as time-barred. An appropriate order follows.